UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KIAMA FALTINE,

                              Plaintiff,

      -against-

                                  **MEMORANDUM AND ORDER**

THE CITY OF NEW YORK, POLICE OFFICER      12-cv-03487 (ENV) (SMG)
MIGUEL VARGAS (Shield # 13912; Tax # 945075),
SERGEANT ERIC NOLAN (Tax #924256) and
POLICE OFFICERS JOHN DOE 1-3,

                              Defendants.
----------------------------------------------------------------x

**VITALIANO, D.J.**

      Plaintiff Kiama Faltine has requested leave to file a second amended complaint adding Detective Harry Menendez as a defendant in this action. Faltine's sole allegation against Menendez is that, some four years prior to the subject incident, the detective issued an identification card, or "I-Card," indicating that plaintiff was sought as a witness to a crime. Faltine claims that the other defendant officers unlawfully detained and searched him upon learning of this I-Card after arresting him. Nowhere in the complaint does Faltine plead any facts indicating that Menendez's issuance of the I-Card was unlawful or unwarranted. Nor does he allege that Menendez had any communication with the other defendants regarding Faltine's arrest, detention, and search. Indeed, plaintiff alleges nothing to suggest Menendez was even aware of the incident alleged in the complaint. Simply put, there are no facts in the proposed amended complaint to suggest any liability on the part of Menendez due to the subject occurrence.

1

## CONCLUSION

For these reasons, the proposed amended complaint would fail to state a claim against Menendez that would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (a complaint merits dismissal if it lacks factual content "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Accordingly, plaintiff's motion to amend his complaint is denied on the grounds of futility. *See Foster v. Humane Society of Rochester and Monroe County, Inc.,* 724 F.Supp.2d 382, 397 (W.D.N.Y. 2010) ("It is well established that a district court may deny leave to amend where the amendment would be futile.") (citing *Green v. Mattingly,* 585 F.3d 97, 104 (2d Cir.2009)).

SO ORDERED.

s/ ENV

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
February 26, 2013